## EM ELIZA SHEAR, Respondent, v. THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Insurance agent — power of, to waive conditions of policy.*

A general agent of an insurance company may waive payment of the premium when due and thereby bind the company. The existence and validity of the contract being conceded, an agent may waive or disregard conditions therein without destroying its vitality. (*Bodine* v. *Exch. Fire Ins. Co.*, 51 N. Y., 117; *Miller* v. *Phœnix Ins. Co.*, 27 Iowa, 203; 1 Am. R., 262; *Carroll* v. *Charter Oak*

*Ins. Co.*, 10 Abb. [N. S.], 166; *Ins. Co.* v. *Colt,* 20 Wall., 560, 568; *Owen* v. *Farmers' Joint Stock Ins. Co.,* 57 Barb., 518; *Sheldon* v. *Atlantic F. and M. Ins. Co.,* 26 N. Y., 460; *Trustees of First Bap. Ch.* v. *Brooklyn Fire Ins. Co.,* 19 id., 305; *Rowley* v. *Empire Ins. Co.,* 36 N. Y., 550; *Boehen* v. *Williamsburg F. I. Co.,* 35 id., 131; *Whitwell* v. *Putnam Ins. Co.,* 6 Lans., 166; *Dohn* v. *Farmers' Joint Stock Ins. Co.,* 5 id., 277.)

APPEAL from a judgment in favor of plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes.

This action was brought upon a life insurance policy issued to plaintiff upon the life of her husband. The only defense interposed was the non-payment of the semi-annual premium due and payable August 31, 1872, whereby the policy became dead and of no further force or validity.

The plaintiff gave evidence tending to show that in July, 1872, her husband saw Weller, defendant's agent, and offered to pay the premium to become due August thirty-first thereafter; that Weller then waived such payment, saying he had not the company receipt and that he would keep him good with the company. Weller denied such conversation and waiver.

Under these facts it was left to the jury to say whether there had been a waiver of payment legally binding upon the company.

*Samuel Hand,* for the appellant.

*R. E. Andrews,* for the respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

JAMES, J., dissented.

Judgment affirmed, with costs.